Alleging that the defendant insurance company had issued a policy insuring his daughter against certain medical and hospital expenses and that defendant had refused to pay expenses totaling $180 incurred by his daughter and covered under defendant's policy, plaintiff filed suit for $180 together with a similar amount as penalties and for attorney's fees and costs.
The defendant admitted the issuance of the policy, but alleged that the premium due on May 15, 1948 had not been paid until May 29, 1948 and that consequently, the insured's sickness, which began on May 25, 1948, was not covered under the provisions of the policy, which contained the following condition: "If default be made in the payment of the agreed premium for this Policy the subsequent acceptance of a premium by the Company, or any of its duly authorized Agents, shall reinstate the Policy but only to cover such loss as may begin fifteen (15) days after the date of such acceptance of premium payment."
The Judge of the City Court rendered judgment for the medical expenses sued *Page 640 
for, but rejected plaintiff's claims for penalties and attorney's fees. From this judgment, defendant has prosecuted a devolutive and suspensive appeal to this Court.
Defendant on May 15, 1946 issued the policy to plaintiff covering medical benefits as alleged. The premium receipt book in the record shows that premium payments were made monthly. During the first four months the payments were made before the 15th day of the month. Half the twenty monthly payments preceding the date of claim were made after the 15th. Defendant's contention is that since the policy contained a provision that no agent of the company has authority to change same or waive any of its provisions, the acceptance of the premiums after the due date had the effect of renewing the policy but only as to the losses that had their beginning fifteen days after the date of the acceptance of each late premium payment.
Some of the payments — due on the 15th — were paid on the 22d 23rd or 25th, and listed under "date paid to" as a premium to the 15th of the following month. Thus, on the one made on the 25th, there was no protection during the ten days last past, as the premium was overdue, and no protection for the next fifteen days, so that the policy protection for the $3.75 premium accepted on the 15th would have been limited to the five days between the following 10th and 15th. If this provision were accepted, the effect would be to leave the policy holder unprotected during more than half of the twenty months for which he had paid — each month — a premium of $3.75.
Under these circumstances, it is likely that the action of the company in accepting late premium payments during half the twenty months preceding the claim would amount to an actual waiver of the time limit. However, we find it unnecessary to base our decision on the general rule that the habitual acceptance of premiums after the due date constitutes a waiver of the time limit, because the Legislature of Louisiana covered such a situation by Section 7 of Act No. 136 of 1938, as amended and re-enacted by Act No. 339 of 1942. Among the conditions made applicable to all hospitalization policies by this Act (paragraph 4, Section 7), is the proviso that no policy shall be lapsed or forfeited for non-payment of premiums unless thirty days notice in writing has been given to the policy holder. (The same provision is carried in the Louisiana Insurance Code, Chapter 8, Section 8.02).
There is no evidence in the record that any such notice was given to the plaintiff nor is there contention made by defendant that any such notice was given.
Having given no notice to the insured, the defendant cannot escape liability under a policy upon which it had collected monthly premiums for a two year period preceding the sickness out of which the claim sued upon arose.
No answer to the appeal was filed and we therefore find it unnecessary to consider plaintiff's original claim for attorney's fees and penalties, which were rejected by the City Court.
The judgment appealed from is affirmed, with costs.